STATE ex rel. A. B. SMITH v. J. W. STOUTT et al.

Springfield Court of Appeals, June 26, 1923.

1. **SHERIFFS AND CONSTABLES: Excessive or Wrongful Levy Held Waived.** Where superintendent in charge of lumber plant of partnership against whom execution issued directed the deputy constable to go to the bookkeeper, stating that any arrangement made with bookkeeper would be satisfactory, and the bookkeeper pointed out two stacks of lumber which were levied upon, there was a waiver of an excessive or wrongful levy so far as any liability on the part of the constable was concerned.

2. **PRINCIPAL AND AGENT: Superintendent Held Authorized to Waive Excessive Levy.** A superintendent of a lumber plant, who had charge of the plant, had authority to waive an excessive or wrongful levy by directing the constable as to what property could be levied on, the evidence showing that the two partners, owners of the plant, were not there and had not been there for some time.

Appeal from the Circuit Court of Pemiscot County.— *Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*B. A. McKay* and *S. V. Medling* for appellant.

*Mayes & Gossom* for respondents.

FARRINGTON, J.—This action is based on an alleged breach of a constable's bond, the defendant J. W. Stoutt being the constable. It appears from the evidence that a judgment had been rendered against an employee of the A. B. Smith Lumber Company, which company is a partnership composed of A. B. Smith and E. K. Smith, his wife; that the plaintiff company was garnished and failed to answer, and an execution was placed in the hands of the constable and was served by one of his deputies; that he levied on two stacks of lumber in plaintiff's lumber yard, which a few days after the levy was made burned.

For the purpose of disposing of this appeal it may be admitted, as contended by appellant, that the judgment against it under which the levy was made was void; it may also be admitted that the levy was excessive.

The question decisive of this case is whether the levy was made as directed by the superintendent in charge of plaintiff's yards. The defendant's evidence shows that when the deputy constable went with the execution he talked to a Mr. Holt, who it is admitted was superintendent of the partnership lumber company and business in Pascola Township, Dunklin County, Missouri, and that he informed him to go to a Mr. Young who was the bookkeeper of the plaintiff company, and that any arrangement he made with Mr. Young concerning the matter would be satisfactory. The evidence showed that Mr. Young, in talking to the constable, admitted that they had forgotten about the garnishment proceeding against them and had failed to put in an answer, and stated that he would still like to have a chance to test the validity of it. After some conversation as to what could be levied upon, Mr. Young, the bookkeeper of

plaintiff company and the man Mr. Holt had sent the deputy constable to, pointed out the two stacks of lumber which were levied upon and for the value of which this suit is brought. Under these circumstances, there was clearly a waiver of an excessive or a wrongful levy so far as any liability on the constable's part is concerned. [See 17 Cyc. 1113 to 1115.]

The point made that there is no showing that neither Holt, the superintendent of this plant, nor Young, the bookkeeper, had authority to bind this plaintiff is without merit. The evidence shows that Holt was superintendent of this plant, and that the two partners were not there and had not been there for some time. He was the *alter ego,* and any direction he gave concerning business affecting this concern was certainly as binding as had one of the partners given the order himself. There is no apparent error in the record before us and the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.